**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

TIMON JEROME MICHAUX, a/k/a Too
Short,
  *Defendant-Appellant.*

No. 03-4043

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-00-47)

Argued: December 5, 2003

Decided: March 10, 2004

Before NIEMEYER and TRAXLER, Circuit Judges, and
Richard D. BENNETT, District Judge of the
United States District Court for the District of Maryland,
sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Lyle Joseph Yurko, YURKO & OWENS, P.A., Charlotte,
North Carolina, for Appellant. Gretchen C. F. Shappert, OFFICE OF
THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Appellant, Timon "Too Short" Michaux, appeals his 262-month sentence imposed by the district court following his plea of guilty to a single drug distribution charge. Having reviewed Michaux's claims and finding no reversible error, we affirm.

### I.

Michaux pleaded guilty to one count of conspiracy to possess with intent to distribute quantities of cocaine and cocaine base in violation of 21 U.S.C.A. § 841 and § 846 (West 1999 & Supp. 2003). According to the Presentence Report ("PSR"), Michaux's total offense level was 37 and his total criminal history score was 23, placing him in criminal history category VI.

Among other things, the PSR assessed three criminal history points against Michaux for a prior state-court conviction for assault with a firearm on a police officer. Michaux objected to the three-point assessment, arguing that the assault conviction was relevant conduct and, therefore, not countable as criminal history points.* As a result,

---

*Under Section 4A1.1 of the Sentencing Guidelines, criminal history points are assigned to a defendant's "prior sentence[s]." *See* United States Sentencing Commission, *Guidelines Manual* ("U.S.S.G."), § 4A1.1 (2001). The guidelines define "prior sentence" as "any sentence previously imposed . . . for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). Application Note 1 makes it clear that relevant conduct is "part of the instant offense" for purposes of the criminal history calculation. *See* U.S.S.G. § 4A1.2, comment. (n.1). Relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1).

Michaux contended, his criminal history score should be reduced by three points from 21 to 18.

A reduction of his criminal history score to 18 would still leave Michaux in a criminal history category VI; however, Michaux also objected to the PSR's assignment of 11 criminal history points for what Michaux referred to as "minor motor vehicle offenses" such as driving on a revoked license. Supp. J.A. 2. In his objection, Michaux contended that the assessment of 11 points overstated the seriousness of his actual behavior and that he was entitled to a downward departure. *See* U.S.S.G. § 4A1.3 (explaining that a departure may be appropriate if the "criminal history category significantly over-represents the seriousness of a defendant's criminal history"). Michaux argued that only one point should be assessed for lesser traffic offenses and that a four-point cap should be applied. *See* U.S.S.G. § 4A1.1(c)(permitting a maximum of 4 points to be assigned for certain prior offenses). Thus, if the district court agreed with both of his objections, Michaux's criminal history score would be reduced from 21 to 10 points, and his criminal history category would be reduced from category VI to category V.

At sentencing, the district court rejected both of Michaux's objections and adopted the findings of the PSR. The court sentenced Michaux to 262 months' imprisonment and five years of supervised release. Michaux then filed this appeal.

## II.

On appeal, Michaux presses his argument with regard to whether the prior state-court assault conviction was properly included in the calculation of his criminal history category. This court need not reach the question of whether the district court should have considered Michaux's prior state-court conviction to be relevant conduct. Even if Michaux's prior conviction were considered relevant conduct and the three criminal history points associated with the conviction were excluded, Michaux would remain in the same criminal history category and his sentence range would not change.

Michaux concedes that a criminal history score of 18 would still place him in criminal history category VI. However, he argues that he

is nonetheless entitled to relief because the district court did not fully consider his motion for a downward departure based on an overstatement of his criminal history relating to his minor traffic offenses. Michaux maintains that the district court, having already refused to treat Michaux's state-court conviction as relevant conduct, did not consider the downward departure motion because such a departure, on its own, would not have affected Michaux's criminal history category. Accordingly, Michaux argues that if we conclude that the state-court assault conviction should be treated as relevant conduct rather than criminal history, we should remand to give the district court another chance to consider his motion for a downward departure based on an overstatement of his criminal history.

Michaux is correct that, in order for his criminal history category to be reduced from VI to V, the court must find that his prior state-court assault conviction was relevant conduct *and* that his criminal history was overstated. However, contrary to Michaux's assertion, the district court did not fail to consider the question of whether Michaux's criminal history was overstated. In addressing Michaux's departure motion, the district court plainly stated:

> In this case the defendant has 21 criminal history points. So if the matter involved discounting traffic offenses, then they would have to come down considerably . . . to get the defendant to [category] V. But even though that may be the case, the court finds the probation officer accurately calculated the raw score of criminal history and *the court sees no reason why the scoring overstates his criminal history*. Consequently, the motion for departure will be denied.

J.A. 27-28 (emphasis added).

The district court clearly rejected Michaux's argument that the inclusion of his traffic offenses overstated his criminal history and denied Michaux's request for a downward departure. Because the district court understood that it had the discretion to depart downward on the basis suggested by Michaux, the district court's denial of his departure motion is not appealable. *United States v. Edwards*, 188 F.3d 230, 238 (4th Cir. 1999) (noting that a sentencing court's decision not to depart is not reviewable unless the court's decision not to

depart is based on a mistaken view that it lacks the authority to depart). Thus, even if Michaux's state-court assault conviction were treated as relevant conduct and his criminal history reduced by three points, Michaux's criminal history category would not change, and any error in that regard would be harmless. *See Williams v. United States*, 503 U.S. 193, 203 (1992) (noting that a district court's sentencing error is subject to harmless error analysis and remand is not required if "the error did not affect the district court's selection of the sentence imposed"); *see also United States v. McCrary*, 887 F.2d 485, 489 (4th Cir. 1989) (per curiam) (noting that error in calculating criminal history category warrants remand only when possible sentencing ranges are different). Accordingly, we affirm the judgment of the district court.

*AFFIRMED*